**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 12a0788n.06

No. 11-6199

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**_Jul 20, 2012_**

LEONARD GREEN, Clerk

REBECCA MOELLER,                              )
                                             )
    Plaintiff-Appellant,                     )
                                             )        ON APPEAL FROM THE
v.                                           )        UNITED STATES DISTRICT
                                             )        COURT FOR THE EASTERN
COMMISSIONER OF SOCIAL SECURITY,             )        DISTRICT OF KENTUCKY
                                             )
    Defendant-Appellee.                      )
                                             )

BEFORE:  SUTTON and GRIFFIN, Circuit Judges; DOWD, District Judge.[*]

PER CURIAM.  Rebecca Moeller appeals the district court's judgment affirming the denial of her applications for disability insurance benefits and supplemental security income benefits.

In 2005, Moeller filed applications for disability insurance benefits and supplemental security income benefits, alleging that she was disabled due to a back condition, chronic obstructive pulmonary disease, emphysema, bronchial asthma, shortness of breath, and high blood pressure. The Social Security Administration denied the applications and Moeller's request for reconsideration. Moeller subsequently filed a written request for a hearing. Following a hearing, an administrative law judge ("ALJ") determined that Moeller's residual functional capacity included the ability to sit for six hours a day, stand for two hours a day, and walk for two hours a day. Based in part on that finding and the testimony of a vocational expert, the ALJ denied Moeller's applications, concluding

_____

[*]The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

that she was capable of performing both sedentary and light jobs that existed in significant numbers in the national economy. The Appeals Council declined to review Moeller's case.

Moeller sought review in the district court. The court concluded that there was not substantial evidence in the record to support the ALJ's finding that Moeller could sit for six hours a day. The court found the error to be harmless, however, and denied Moeller relief because, assuming a sitting restriction that was consistent with the evidence in the record, Moeller would be capable of performing light jobs that existed in significant numbers in the national economy.

On appeal, Moeller argues that the ALJ's finding concerning her ability to sit for six hours a day was not supported by substantial evidence and that the erroneous finding was not harmless. "Our review of the ALJ's decision is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). "The substantial-evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Id.* at 406 (internal quotation marks omitted). "We give de novo review to the district court's conclusions on each issue." *Id.*

There is not substantial evidence in the record to support the ALJ's finding concerning Moeller's ability to sit for six hours a day. Dr. Martin Fritzhand, who performed a consultative examination of Moeller, determined that she was limited to a mild amount of sitting, standing, ambulating, pushing, pulling, and lifting. The ALJ explicitly recognized the limitations set forth in Dr. Fritzhand's opinion, gave the opinion "significant probative weight," and concluded that Moeller was limited to two hours of standing and two hours of walking each day. The ALJ further found, however, that "[a]bsent any restrictions on the claimant's ability to sit, the undersigned finds she is

able to sit for six hours a day." The ALJ failed to either set forth a reason for discounting the sitting limitation recommended by Dr. Fritzhand or identify other evidence in the record that demonstrated Moeller could sit for six hours a day. Thus, the ALJ erred in determining Moeller's residual functional capacity.

In addition, despite the government's arguments to the contrary, the ALJ's error cannot be considered harmless. In determining whether there were a significant number of jobs in the national economy that Moeller could perform, the ALJ asked a vocational expert to assume that Moeller could sit for six hours a day and stand and walk for two hours a day each. The vocational expert identified two sedentary jobs that Moeller could perform and one light job that allowed alternating between sitting and standing. Because there is not substantial evidence in the record to support the ALJ's finding that Moeller could sit for six hours a day, the sedentary jobs should not have been considered. *See* S.S.R. 96-9P, 1996 WL 374185, at *3; *Connors v. Conn. Gen. Life Ins. Co.*, 272 F.3d 127, 136 n.5 (2d Cir. 2001). Further, given Moeller's restrictions on standing and walking and the ALJ's failure to include an appropriate sitting restriction during his questioning of the vocational expert, the ALJ could not properly rely on the expert's conclusion that Moeller could perform light work. *See* S.S.R. 83-10, 1983 WL 31251, at *5-6; 20 C.F.R. §§ 404.1567(b), 416.967(b). Remand is therefore necessary for a proper determination of Moeller's residual functional capacity and additional findings concerning whether there are a significant number of jobs in the national economy that Moeller could perform.

Accordingly, we vacate the district court's judgment and remand the case for further administrative proceedings consistent with this opinion.